1   DANIEL J. BRODERICK, #89424
    Federal Defender
2   Stephen Betz, Bar #234510
    Staff Attorney
3   Designated Counsel for Service
    2300 Tulare Street, Suite 330
4   Fresno, California  93721-2226
    Telephone: (559) 487-5561
5
6   Attorney for Defendant AMMON MCNEELY

7

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )   NO.  06-mj-0120 WMW
                                       )
12                  *Plaintiff,*       )   MEMORANDUM OF POINTS AND
                                       )   AUTHORITIES TO SUPPRESS EVIDENCE;
13          v.                         )   DECLARATION OF COUNSEL; REQUEST
                                       )   FOR EVIDENTIARY HEARING
14  AMMON MCNEELY,                     )
                                       )   Date:   November 1, 2006
15                  *Defendant.*       )   Time:  10:00 a.m.
                                       )   Judge: Hon. William M. Wunderlich
16  _____)

17

18                                   **I**
                           **STATEMENT OF FACTS**

19          The facts presented herein are based upon the allegations in the arresting officer's probable cause

20  and criminal incident report that has been provided in discovery as well as an anticipated forthcoming

21  affidavit by Mr. McNeely[1].  On July 23, 2006, at approximately 7:35 p.m. Ranger Foster was on patrol

22  driving West on South Side Drive near the Geological Exhibit Turnout when he noticed a grey Mercury

23  that had headlights which were coming towards him in what appeared to be a weaving fashion.  In

24  addition, he believed the car to be speeding.  Ranger Foster used his radar unit and received an indication

25  that the vehicle was traveling 48 miles per hour in a 35 mile per hour zone.  Ranger Foster stopped the car

26  in a gravel turn out some distance away from where the vehicle had originally been seen.  Upon further

27

28          [1]  See declaration of counsel attached hereto.

1  investigation it was determined that this vehicle was registered to Joan Vickers or Ammon McNeely.  This

2  stop lead to a driving under the influence investigation and Mr. McNeely was eventually arrested for that

3  violation.

4      In contrast to the above information, Mr. McNeely, denies the allegations with regard to speeding

5  and unsafe driving.  He will indicate that he did not violate any traffic law or regulation and was operating

6  his car safely under the circumstances.

7

8                                **II**
                            **ARGUMENT**

9

     A.  THE DEFENDANT HAD A LEGITIMATE EXPECTATION OF PRIVACY IN THE
10       AREA THAT WAS SEARCHED AND SEIZED.

11     "A person claiming a U.S. Const. amend. IV violation must, as an initial matter, demonstrate a

12  legitimate expectation of privacy in the placed searched or the thing seized.  A person's expectation of

13  privacy is deemed legitimate if it one that society is prepared to recognize as reasonable." United States v.

14  Gamez-Orduno, 235 F.3d 453 (9th Cir. 2000), quoting Katz v. United States, 389 U.S. 347 (1967).  The

15  Ninth Circuit has held that the owner of an automobile has a legitimate expectation of privacy in the car,

16  and therefore he has standing to object to an unconstitutional search.  United States v. Thomas, 447 F.3d

17  1191, 1197-1198 (9th Cir. 2006).

18     As Mr. McNeely was both the driver and registered owner of the vehicle he enjoyed a reasonable

19  expectation of privacy in the vehicle.

20

21     B.  A VEHICLE STOP MUST BE SUPPORTED BY REASONABLE SUSPICION OF
           CRIMINAL ACTIVITY, AND THE RANGER DID NOT HAVE REASONABLE
22         SUSPICION THAT MR. MCNEELY WAS ENGAGED IN CRIMINAL ACTIVITY.

23     The Fourth Amendment to the United States Constitution protects the "rights of the people to be

24  secure in their persons, houses, papers, and effects against unreasonable searches and seizures."  U.S.

25  Const. Amend. IV.  The Fourth Amendment's prohibition against unreasonable searches and seizures

26  extends to the brief investigatory stop of a vehicle.  United States v. Brigoni-Ponce, 422 U.S. 873, 878

27  (1975).  Accordingly, an officer may not detain a motorist without "reasonable suspicion."  United States

28  v. Rodriguez, 976 F.2d 592, 594 (9th Cir. 1992), amended by 997 F.2d 1306 (9th Cir. 1993).  Reasonable

1   suspicion "is formed by specific, articulable facts which, together with objective and reasonable

2   inferences, form the basis for suspecting the person detained is engaged in criminal activity." United

3   States v. Rojas-Millan, 234 F.3d 464, 468-469 (9th Cir. 2000).  The "totality of the circumstances" must be

4   examined to determine whether the detaining officer had a "particular and objective basis" for suspecting

5   criminal wrong doing.  United States v. Arvizu, 534 U.S. 266, 273 (2002).  The government carries the

6   burden of justifying any warrantless intrusion on a defendant's Fourth Amendment rights, and the burden

7   never shifts to the defendant to show that the intrusion was unlawful.  See United States v. Emens, 649

8   F.2d 653, 657 n.5 (9th Cir. 1980).

9        In the context of a car stop, while an "officer is entitled to rely on his training and experience in

10  drawing inferences from the facts he observes, . . . those inferences must also be 'grounded in objective

11  facts and be capable of rational explanation.'"  United States v. Mariscal, 285 F.3d 1127, 1130 (9th Cir.

12  2002 (reversing denial of motion to suppress where officer lacked reasonable suspicion of criminal activity

13  and therefore illegally pulled a car over for failure to use turn indicator) (citing United States v. Lopez-

14  Soto, 205 F.3d 1101, 1105 (9th Cir. 2000); United States v. Twilley, 222 F.3d 1092, 1095 (9th Cir. 2000)).

15  The Ninth Circuit has stated with respect to car stops:

16       Because most people are not such paragons of driving skill and virtue that they
         consistently adhere to each one of the complex laws relating to the operation of
17       motor vehicles, there are many opportunities to stop targeted vehicles . . . .  But
         those opportunities are not limitless.  Suspicions must be reasonable, and they
18       cannot be if they are not sufficient to cause an officer to believe that the driver has
         done something illegal.

19

20  Mariscal, 285 F.3d at 1130.

21       While the facts alleged by the Ranger might, if unchallenged by contrary facts, support a finding

22  of reasonable cause to believe that Mr. McNeely was disobeying traffic law, Mr. McNeely's affidavit

23  creates a genuine issue of fact that will require an evidentiary hearing to resolve the disputed issues of fact.

24  An evidentiary hearing must be granted where there the moving papers allege facts with sufficient

25  definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.

26  United States v. Howell, 231 F.3d 615 (9th Cir. 2000).   Here, Mr. McNeely has affirmatively stated that

27  he did not speed, nor did he operate his vehicle under the circumstances suggested.  Based on this

28  affidavit, a "contested issue of fact exist[s]," therefore creating the necessity for an evidentiary hearing.  In

other words, if credited, Mr. McNeely's affidavit supports a finding that there was no reasonable suspicion or probable cause to believe that he violated any traffic laws.

B. EVIDENCE OBTAINED AS A RESULT OF AN ILLEGAL CAR STOP MUST BE SUPPRESSED, AND BECAUSE ALL EVIDENCE IN THIS CASE WAS OBTAINED AFTER THE ILLEGAL STOP OF MR. MCNEELY'S CAR, ALL PHYSICAL EVIDENCE AND STATEMENTS MUST BE SUPPRESSED

Evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of illegal search and seizure. Mapp v. Ohio, 367 U.S. 643, 654 (1961). This includes the "fruit" of such illegal conduct. Wong Sun v. United States, 371 U.S. 471, 484-88 (1963) (evidence obtained as fruit of an illegal search or seizure may not be used against defendant). If an individual can establish that the initial stop of a car violated the Fourth Amendment, then the evidence that was seized as a result of that stop would be subject to suppression as 'fruit of the poisonous tree.'" Twilley, 222 F.3d at 1095 (citations omitted). The government has the burden to show that the evidence is not "fruit of the poisonous tree." Id. at 1097 (citations omitted).

As established above, the stop of Mr. McNeely's car was illegal because it was not supported by reasonable suspicion that he was engaged in illegal activity. It was only after the illegal stop that the ranger collected evidence supporting the charge, including physical evidence and a statement from Mr. McNeely. Accordingly, all of that evidence must be suppressed as the fruit of the ranger's illegal stop of Mr. McNeely's car, or in the alternative, the Court must order an evidentiary hearing to determine the legality of the car stop.

///
///
///
///
///
///
///
///
///

1

**III.**
**CONCLUSION**

2

3      For the foregoing reasons, Mr. McNeely respectfully requests that this Court grant his Motion to

4  Suppress Evidence.

5  Dated:  October 13, 2006

Respectfully submitted,

6

DANIEL J. BRODERICK
Federal Defender

7

8                                           /S/ Stephen Betz
STEPHEN BETZ

9                                           Staff Attorney
Attorney for Defendant

10                                          AMMON MCNEELY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF STEPHEN BETZ

I, Stephen Betz, declare under penalty of perjury:

1.  I am an attorney admitted to practice before this court and am currently employed as a Staff Attorney with the Office of the Federal Public Defender.

2.  I became attorney of record for Mr. McNeely, the defendant in the above encaptioned matter, after Assistant Federal Defender, Peter Carter, had completed his assignment for the Summer in Yosemite National Park.

3.  I have reviewed the file along with the notes therein.

4.  I have not been able to get in contact with Mr. McNeely about his case.

5.  On October 10, 2006, I left a message with his girlfriend and I expect to hear from him soon.

6.  While I have not spoken with Mr. McNeely in this case, based upon my review of the file, I believe that Mr. McNeely will submit an affidavit under penalty of perjury stating he was obeying all traffic laws prior to being pulled over by Ranger Foster.

7.  If Mr. McNeely is unwilling to submit an affidavit in this case I will notify the government and the court and withdraw this motion.

Signed under penalty of perjury this 13th day of October 2006, at Fresno, California.


/S/ Stephen Betz
STEPHEN BETZ
Staff Attorney