DANIEL J. BRODERICK, #89424
Federal Defender
STEPHEN BETZ, Bar #234510
Staff Attorney
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorney for Defendant AMMON MCNEELY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       *Plaintiff,*<br><br>v.<br><br>AMMON MCNEELY,<br><br>       *Defendant.* | NO. 06-mj-0120 WMW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY; DECLARATION OF COUNSEL<br><br>Date:  November 1, 2006<br>Time:  10:00 a.m.<br>Judge: Hon. William M. Wunderlich |

*Statement of Facts*: The facts presented herein are based upon the allegations in the arresting officer's probable cause and criminal incident report that has been provided in discovery as well as an anticipated forthcoming affidavit by Mr. McNeely[1]. On July 23, 2006, at approximately 7:35 p.m. Ranger Foster was on patrol driving West on South Side Drive near the Geological Exhibit Turnout when he noticed a grey Mercury that had headlights which were coming towards him in what appeared to be a weaving fashion. In addition, he believed the car to be speeding. Ranger Foster used his radar unit and received an indication that the vehicle was traveling 48 miles per hour in a 35 mile per hour zone. Ranger Foster stopped the car in a gravel turn out some distance away from where the vehicle had originally been seen. Upon further investigation it was determined that this vehicle was registered to Joan Vickers or

---

[1] See declaration of counsel attached hereto.

Ammon McNeely. This stop lead to a driving under the influence investigation and Mr. McNeely was eventually arrested for that violation.

In contrast to the above information, Mr. McNeely, denies the allegations with regard to speeding and unsafe driving. He will indicate that he did not violate any traffic law or regulation and was operating his car safely under the circumstances.

*The Charges:* Mr. McNeely is charged by way of three (3) citations. The first citation, P0613767, charges Mr. McNeely with speeding, in violation of 36 C.F.R. § 4.21(c). The second citation, P0613768, charges Mr. McNeely with driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(1). The third citation, P0613769, charges Mr. McNeely with driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(2).

*Prior orders and requests for discovery*: Although it is not entirely clear, it appears an oral request for discovery was made on July 24, 2006. If discovery has not already been requested then the defendant hereby requests discovery.

*State of discovery:* The government has provided defendant's counsel with twenty-seven (27) pages of documentary evidence, which consists primarily of reports by Park Rangers, Probable Cause Statements, citations, and Mr. McNeely's Rap Sheet.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Rule 16 Discovery**

Federal Rules of Criminal Procedure, Rule 16(a) generally sets out the government's responsibility for discovery. Each provision begins with the words "Upon a defendant's request" or "At the defendant's request." The duty to disclose is a continuing one. Rule 16(c).

The defendant has requested, and by this motion does hereby request, discovery.

**A. Statements of the Defendant**

The defense requests that the government disclose to the defendant, and make available for inspection, copying, or photographing, (a) any relevant written or recorded statement by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government; (b)

the portion of any written record containing the substance of any relevant oral statement made by the defendant before or after arrest in response to interrogation by a person then known to the defendant to be a government agent; and (c) recorded testimony of the defendant before a grand jury which relates to the offense charged. The defense also requests disclosure of the substance of any relevant oral statement made by the defendant before or after arrest in response to interrogation by a person then known to the defendant to be a government agent if the government intends to use that statement at trial. Fed. R. Crim. P. 16(a)(1)(A) and (B). Local Rule Crim 16-440 requires the government to *provide* such discovery within 10 court days from the date of arraignment.

      A statement is "relevant" if relevant "to any possible defense or contention that the defendant might assert." *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982) ("Ordinarily, a statement made by the defendant during the course of the investigation of the crime charged should be presumed to be subject to disclosure, unless it is clear that the statement cannot be relevant. Where the Government is in doubt, the written or recorded statement should be disclosed, if a proper request is made"). *But see, United States v. Gonzalez-Rincon*, 36 F.3d 859, 865 (9th Cir. 1994) (citing *Bailleaux* for an arguably limited view of disclosure), *but see also*, *United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir. 2003) (*Gonzalez-Rincon'*s limited view of disclosure only applies to "statements that come to be relevant only after the defendant testified"). If relevant, the statement must be disclosed "if it is in the custody or control of 'the government,'" not just if it is in the possession of the attorney for the government. *Id.*, 685 F.2d at 1113.

      *In this case,* the government has provided rangers reports by Yosemite National Park Ranger Michael Foster, which contains statements Mr. McNeely allegedly said during the detention.

      *The defense requests specifically:*

1. Any transcripts, recordings, notes, rough notes, or other records of statements made by Mr. McNeely;
2. Disclosure of any other statements made by Mr. McNeely before or after his arrest, including but not limited to any audio or video recordings, and writings in electronic form or otherwise;

///

3. Any notes, rough notes, records, reports or other memorialization of statements made by Mr. McNeely to any law enforcement officers at any other time.

**B. Defendant's Prior Record**

The defense requests that the government furnish to the defendant a copy of defendant's prior criminal record, if any, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. Fed. R. Crim. P. 16(a)(1)(D). Under this rule, the prosecutor may fulfill the duty of discovery and disclosure by revealing the defendant's record of prior convictions and any F.B.I. rap sheet, but since speeding tickets are classified as infractions, a category of offense less serious than misdemeanors, such minor offenses do not appear on a defendant's record of prior convictions or F.B.I. rap sheet, and so the government is not required to disclose them. *United States v. Audelio-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1991). Local Rule Crim 16-440 requires the government to *provide* such discovery within 10 court days from the date of arraignment.

*In this case*, Mr. McNeely's criminal history has been provided.

**C. Documents and Tangible Objects**

The defense requests that the government permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the government and which (a) are material to prepare the defense, (b) the government intends to use in its case-in-chief at trial, or (c) were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Upon request, Rule 16(a)(1)(E) requires that the government make material documentation available to the defense.

"[I]n the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief," *i.e.*, that which refutes the government's arguments that the defendant committed the crime charged. *United States v. Armstrong,* 517 U.S. 456, 462 (1996).

Local Rule Crim 16-440 requires the government to *provide* such discovery within 10 court days from the date of arraignment.

*In this case*, as stated above, the government has provided twenty-seven (27) pages of documentary evidence.

The defense specifically requests the following additional items:

1. Reports, supplemental reports, other documents generated by Park Ranger Michael Foster and/or any other Park Service employee who made a report regarding this incident;

2. Any and all Computer Aided Dispatch (CAD) Logs regarding the incident that took place in or near Yosemite National Park;

3. Any and all CAD recordings, recordings of radio transmissions between dispatch and rangers, and recordings of radio transmission between rangers regarding the incident that took place in or near Yosemite National Park on the date in question;

4. Any and all recordings including, but not limited to, 911 call, or emergency calls, or distress calls, or other reports regarding Mr. McNeely's arrest;

5. Copies of any and all calibration logs relating to Kustom Golden Eagle Radar Unit serial number EC 415 sixty days prior to the incident, the day of the incident, and sixty days subsequent to the incident;

6. Copies of any and all maintenance logs relating to Kustom Golden Eagle Radar Unit serial number EC 415 sixty days prior to the incident, the day of the incident, and sixty days subsequent to the incident;

7. Copies of any and all use logs relating to Kustom Golden Eagle Radar Unit serial number EC 415 sixty days prior to the incident, the day of the incident, and sixty days subsequent to the incident;

8. Copies of any and all calibration logs relating to AlcoTest 7410 Machine serial number ARRF-0349 sixty days prior to the incident, the day of the incident, and sixty days subsequent to the incident;

9. Copies of any and all use logs relating to AlcoTest 7410 Machine serial number ARRF-0349 sixty days prior to the incident, the day of the incident, and sixty days subsequent to the incident;

10. Copies of any and all use logs relating to AlcoTest 7410 Machine serial number ARRF-0349 sixty days prior to the incident, the day of the incident, and sixty days subsequent to the incident;

### D. Reports of Examination and Tests.

The defense requests that the government permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examinations, and of any scientific tests or experiments, or copies thereof, if: the items are within the government's possession, custody, or control; the attorney for the government knows – or through due diligence could know – that the items exist; and the items are material to preparing the defense, or the government intends to use the items in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(F).

Local Rule Crim 16-440 requires the government to *provide* such discovery, when in possession of government counsel, within 10 court days from the date of arraignment. When such discovery is not in government counsel's possession, it shall be provided *as soon as reasonably possible* but at least five court days prior to the trial confirmation/pretrial conference.

*In this case,* the government has not provided any information pertaining to results of any reports, examinations, or tests conducted by the government.

### E. Expert Witnesses

The defense requests that the government give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. Fed R. Crim. 16(a)(1)(G). The defense requests that the summary describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

If the government requests discovery under subdivision (b)(1)(C)(ii) of Rule 16, and the defendant complies, the defense requests that the government give to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 as evidence at trial on the issue of the defendant's mental condition. Fed. R. Crim. 16(a)(1)(G).

Law enforcement opinion testimony, based on perceptions, education, training, and experience of the witness, is opinion evidence within the meaning of Rule 16 and subject to discovery. This is true even if the officer is a percipient witness to the alleged offenses. *United States v. Figueroa-Lopez,* 125 F.3d 1241, 1246 (9th Cir. 1997), *cert . denied*, 523 U.S. 1131 (1998).

*In this case*, as of this date the government has not provided the defense with summaries of any

reports and hereby requests that any such materials be provided to defendant's counsel.

**II.  Rule 404(b) Discovery**

Rule 404(b) of the Federal Rules of Evidence provides that upon request by the accused, the prosecution shall provide reasonable notice in advance of trial of the general nature of evidence of other crimes, wrongs or acts it intends to offer at trial.

> **(b) Other Crimes, Wrongs, or Acts.**  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial,* or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FED. R. EVID. 404(b) (emphasis added).  The Supreme Court adopted the notice provision of Rule 404(b) in 1991.  The Advisory Committee Notes state that the pretrial notice requirement is "intended to reduce surprise and promote early resolution on the issue of admissibility."  The rule "expects" that counsel will "submit the necessary request and information in a reasonable and timely fashion."  A generalized notice provision requires the prosecution "to apprize the defense of the general nature of the evidence of extrinsic actions."  Notice is required "regardless of how the prosecution intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal."  FED. R. EVID. 402(b) advisory committee's note (1991).

Rule 404(b) applies to all "other acts," not just bad acts.  *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999).   The rule applies whether or not the government knows with absolute certainty that it will introduce the evidence. The rule mandates that the government provide notice even if the government intends to introduce the evidence for impeachment or for *possible* rebuttal.  *Vega,* 188 F.3d at 1154.

Counsel hereby requests that the government provide notice of other crimes, wrongs, or acts, pursuant to Rule 404(b).

*In this case,* as of this date the government has not provided defendant's counsel with any notice pursuant to Rule 404(b).

**III.  Brady Discovery**

The government has a duty to disclose all evidence favorable to the defendant which is "material

McNeely - Memorandum of Points and Authorities        −7−

either to guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  Evidence is material under *Brady* if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Alvarez*, 86 F.3d 901, 904 (9th Cir. 1996) (quoting *United States v. Bagley*, 473 U.S. 667, 682, 87 L. Ed. 2d 481, 105 S. Ct. 3375 (1985)).

Evidence generally considered to be *Brady* material includes a witness' prior record, *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. denied*, 489 U.S. 1170 (1989); favorable information in the presentence report of a testifying codefendant, *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004); witness statements favorable to the defendant, *United States v. Hibler,* 463 F.2d 455 (9th Cir. 1972); the existence of witnesses favorable to the defense, *Lee v. United States,* 388 F.2d 737 (9th Cir. 1968), including a cooperation agreement with a witness not called, *United States v. Kojayan*, 8 F.3d 1325 (9th Cir. 1993); specific evidence which detracts from the credibility or probative value of testimony or evidence used by the prosecution, *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir 1993); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965); promises of immunity to a government witness, *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Shaffer*, 789 F.2d 682 (9th Cir. 1986); agreement to provide substantial benefits in exchange for testimony, *Singh v. Prunty*, 142 F.3d 1157, 1161-63 (9th Cir. 1998); and prior contrary statements of a prosecution witness, *Banks v. Dretke*, 540 U.S. 668 (2004), *Giles v. Maryland*, 386 U.S. 66 (1967).  Any evidence which would affect the credibility of a government witness could be construed as *Brady* material.  *Carriger v. Stewart,* 132 F.3d 463 (9th Cir. 1995). However, the Supreme Court has ruled that the Constitution does not require the government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.  A defendant who pleads guilt forgoes a fair trial.  *United States v. Ruiz*, 536 U.S. 622 (2002).

The defense requests that the government disclose to the defendant all evidence favorable to the defendant which is material either to guilt or punishment, including witnesses' prior records, witness statements favorable to the defendant, the existence of witnesses favorable to the defense, specific evidence which detracts from the credibility or probative value of testimony or evidence used by the prosecution, promises of immunity to a government witness, any prior contrary statements of a prosecution witness.  The defense also requests disclosure of any evidence which would affect the

credibility of a government witness, including any information which shows bias of the witness, motive for the witness to lie or exaggerate testimony, credibility concerns of a government witness, and a lack of memory by the witness.

*In this case,* as of this date the government has yet to provide any evidence favorable to Mr. McNeely including reports, notes or other records of evidence. The defense hereby requests any such materials.

**IV. Henthorn Discovery**

The prosecutor has a duty to disclose, at least upon request, all evidence favorable to the defendant which is "material either to guilt or punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Ninth Circuit has ruled that it is error for the prosecution to refuse to review government witness personnel files for exculpatory material. When confronted with a defense request for the personnel files of testifying officers, the government must "disclose information favorable to the defense that meets the appropriate standard of materiality . . . . If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation ...." *United States v. Cadet*, 727 F.2d 1453, 1467-1468 (9th Cir. 1984). The defense does not have a burden to make an initial showing of materiality. The prosecutor's "obligation to examine the files arises by virtue of the making of a demand for their production." *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991), *reh'g denied*, 504 U.S. 935 (1992). However, the court may not order the assigned prosecutor to *personally* review the file. *United States v. Jennings,* 960 F.2d 1488, 1492 (9th Cir. 1992); *accord, United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996) (*Jennings* is not "effectively" overruled by *Kyles v. Whitley*, 115 S.Ct. 1555 (1995)). It may be appropriate for the district court to conduct an *in camera* examination of the agent file, to determine whether information in the file should be disclosed. *Henthorn*, at 31; *see also, Jennings*, at 1492, n. 3 (Department of Justice policy for implementing *Henthorn* calls for agency review, and if any potential *Brady* material is found, "the AUSA will then determine whether the information should be disclosed or whether an in camera review by the district court is appropriate.")

*In this case*, the government has not provided any indication that it has reviewed the personnel files of any of the rangers involved. The defense requests that the government conduct a *Henthorn* review of the personnel files of potentially testifying law enforcement officials involved in this case, including, but

not limited to, the files of Yosemite National Park Ranger, Michael Foster. Specifically, the defense requests the government review personnel files for:

1. Any and all material that tends to show a lack of honesty or trustworthiness;
2. Any and all material that the government is required to show under *Cadet, Henthorn,* and their progeny;
3. If the government is uncertain about the materiality of information within its possession that it seek an *in camera* review.

## CONCLUSION

For the foregoing reasons, defendant's motion for discovery and inspection should be granted.

Dated: October 13, 2006

                                        Respectfully submitted,

                                        DANIEL J. BRODERICK
                                        Federal Defender

                                        /S/ Stephen Betz
                                        STEPHEN BETZ
                                        Staff Attorney
                                        Attorney for Defendant
                                        AMMON MCNEELY

**DECLARATION OF STEPHEN BETZ**

I, Stephen Betz, declare under penalty of perjury:

1. I am an attorney admitted to practice before this court and am currently employed as a Staff Attorney with the Office of the Federal Public Defender.

2. I became attorney of record for Mr. McNeely, the defendant in the above encaptioned matter, after Assistant Federal Defender, Peter Carter, had completed his assignment for the Summer in Yosemite National Park.

3. I have reviewed the file along with the notes therein.

4. I have not been able to get in contact with Mr. McNeely about his case.

5. On October 10, 2006, I left a message with his girlfriend and I expect to hear from him soon.

6. While I have not spoken with Mr. McNeely in this case, based upon my review of the file, I believe that Mr. McNeely will submit an affidavit under penalty of perjury stating he was obeying all traffic laws prior to being pulled over by Ranger Foster.

Signed under penalty of perjury this 13th day of October 2006, at Fresno, California.

/S/ Stephen Betz
STEPHEN BETZ
Staff Attorney