ELIZABETH E. WALDOW
NATIONAL PARK SERVICE
Law Enforcement Office
P.O. Box 517
Yosemite, California 95389
Telephone: (209) 372-0243

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 6:06-mj-0120 WMW |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT AMMON McNEELY'S MOTION FOR DISCOVERY |
| v. | |
| AMMON McNEELY | <u>Hearing</u>: |
| Defendant. | Date: November 20, 2006<br>Time: 10:00 a.m.<br>Judge:<br>Hon. William M. Wunderlich |

The United States of America hereby responds to the motion filed by defendant Ammon McNeely for discovery. This response is based upon all files and records in this case and the memorandum of points and authorities contained in this response.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

I.

INTRODUCTION[1]

There is no constitutional right to discovery in a federal criminal case. <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559, 97 S. Ct. 837 (1976). Discovery is governed by three authorities: Federal Rule of Criminal Procedure 16; Title 18, United States Code, Section 3500 (referred to herein as the Jencks Act); and <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194 (1963).

Federal Rule of Criminal Procedure 16 authorizes only very limited discovery. Subsection (a) provides for defense discovery of five different types of evidentiary material:

    1. Relevant written or recorded statements made by the defendant, within the possession, custody or control of the government;

    2. That portion of any written records containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent;

    3. Recorded testimony of the defendant before a grand jury which relates to the offense charged;

    4. The substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent;

    5. A copy of the defendant's prior criminal record;

    6. Documents or tangible objects within the possession, custody or control of the government which are material to the preparation of a defense or are intended for use by the government as evidence in chief at the trial or were obtained from or belonged to the defendant; and

---

[1] For the court's convenience, this response is similar in form and content to the standard discovery response filed by the government. The defense motion raises no issues that have not been previously litigated in this court.

7.  Results or reports of physical or mental examinations, and of scientific tests or experiments which are within the possession, custody or control of the government material to the preparation of the defense or intended for use by the government as evidence in chief at the trial.

Subsection (a)(2), however, specifically states that Rule 16 does not authorize the discovery or inspection of reports, memoranda or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses except as provided by [the Jencks Act].

The Jencks Act, provides that no statement or report which was made by a government witness or prospective government witness shall be the subject of subpoena, discovery or inspection until said witness has testified on direct examination in the trial of the case.  The Jencks Act has been strictly construed both in the timing of any disclosure and in the definition of the term statement. United States v. Washabaugh, 442 F.2d 1127 (9th Cir. 1971); United States v. Griffen, 659 F.2d 932 (9th Cir. 1981), cert. denied, 456 U.S. 949 (1980).

A.  STATEMENTS OF CHARGED OR UNCHARGED CO-PARTICIPANTS

A defendant may obtain discovery of only his own statements, not those of a co-defendant.  Similarly, statements of co-conspirators, whether indicted or not, are not available to the defendant other than through the provisions of the Jencks Act. Sendejas v. United States, 428 F.2d 1040, 1045-46 (9th Cir.), cert. denied, 400 U.S. 879 (1970); United States v. Roberts, 811 F.2d 257, 258-59 (4th Cir. 1987).

B.  STATEMENTS OF THE DEFENDANT

Even when a witness statement contains exculpatory material,

3

the disclosure is governed by the Jencks Act. <u>United States v. Jones</u>, 612 F.2d 453, 455 (9th Cir. 1979), <u>cert</u>. <u>denied</u>, 445 U.S. 966 (1980).

### C. <u>EXCULPATORY EVIDENCE</u>

The discovery of exculpatory evidence is governed by <u>Brady v. Maryland</u>, <u>supra</u>, 373 U.S. 83, and its progeny. <u>Brady</u> provides a very limited right to discovery of material favorable to the defense. "[T]here is no general constitutional right to discovery in a criminal case, and <u>Brady</u> did not create one; as the court wrote recently, the 'due process clause has little to say regarding the amount of discovery which the parties must be afforded' . . . ." <u>Wardious v. Oregon</u>, 412 U.S. 470, 474, 93 S. Ct. 2208 (1973). The right to exculpatory evidence is based on the due process clause of the Constitution. <u>Brady</u>, 373 U.S. at 86. Exculpatory evidence must be disclosed if it is material to the defense. <u>Id</u>. at 87. In <u>United States v. Agurs</u>, 427 U.S. 97, 101, 96 S. Ct. 2392 (1976), the court ruled that exculpatory evidence is material only if it "creates a reasonable doubt that did not otherwise exist."

### D. <u>HENTHORN DISCOVERY</u>

The government is required to examine the personnel records of <u>federal</u> law enforcement officers upon request of the defendant to determine whether they contain evidence of perjurious conduct or untruthfulness. <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). The government must review the files and disclose only evidence relating to perjurious conduct or dishonesty. <u>Id</u>. <u>See</u> <u>also</u> <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992). Following such a review, the files need not be furnished to the defendant or the court unless they contain information that is or

may be material to the defendant's case.

E. OTHER DISCOVERY

There is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all the police investigatory work on a case. Moore v. Illinois, 408 U.S. 786, 795, 92 S. Ct. 2562 (1972).

> The prosecution has no duty to seek out exculpatory evidence for the defendant. United States v. Riley, 657 F.2d 1377, 1386 (8th Cir. 1981); cf. United States v. Walker, 559 F.2d 365, 373 (5th Cir. 1977). The government has no duty to disclose exculpatory material which is not in its possession and about which it has no knowledge. United States v. Polizzi, 801 F.2d 1543, 1553 (9th Cir. 1986). Material or documents which are in the possession of agencies other than federal or state agencies participating in a particular investigation are not considered to be in the government's possession for discovery purposes. United States v. Chavez-Vernaza, 844 F.2d 1368, 1374-1375 (9th Cir. 1987), United States v. Getto, 763 F.2d 1040, 1047-1049 (9th Cir. 1985).
>
> The government is obligated to disclose evidence relating to the credibility of its witnesses pursuant to Giglio v. United States, 405 U.S. 150, 153-54, 92 S. Ct. 763 (1972). This information must be disclosed only after the witness testifies. United States v. Rinn, 586 F.2d 113, 119 (9th Cir. 1978), cert. denied, 441 U.S. 931 (1979). "Since information concerning favors or deals merely goes to the credibility of the witness, it need not be disclosed prior to the witness's testifying." Id.

E. SPECIFIC REQUESTS BY DEFENDANT

The government has provided copies of documents, records, and any evidence it intends to use in its case in chief.

In addition, the government will provide the defendant with the opportunity to inspect and/or copy physical and documentary evidence to which he is entitled under the Federal Rules of Criminal Procedure. The government invites defense counsel to review such evidence by contacting the Yosemite National Park law enforcement office.

5

1. <u>Defendant's Own Statements and Admissions</u>

The government has complied with Rules 16(a)(1)(A) and 16(a)(1)(B). At this time, the government has provided all evidence as to defendant's statements. Should additional discovery become available the government will continue to comply with the rule.

2. <u>Defendant's Criminal Record</u>

The government has exercised due diligence and complied with its obligation under Fed.R.Crim.P. 16(a)(1)(D) by providing the defendant with discovery. However, to the extent that the defendant does not believe that the government has accurately provided his entire criminal history by requesting a *current* criminal history, for whatever reason, the defendant should notify the government and the government will attempt to obtain the additional criminal history. After all, a defendant is in the best position to know their criminal history.

3. <u>Documents or Objects</u>

The government has provided copies of documents, records, and evidence it intends to use in its case in chief. The government is compiling the discovery responsive to this request.

In addition, the government will provide the defendant with the opportunity to inspect and/or copy physical and documentary evidence to which he is entitled under Rule 16 (a)(1)(E) of the Federal Rules of Criminal Procedure. The government invites defense counsel to review such evidence by contacting the Yosemite national Park Service law enforcement office. Should additional discovery become available the government will continue to comply with the rule.

4. <u>Physical and Mental Examinations, Laboratory, and Scientific Tests and Experiments</u>

The government is compiling the discovery responsive to this request. The government will provide the defendant with the opportunity to inspect and/or copy physical and documentary evidence to which he is entitled under Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure. The government invites defense counsel to review such evidence by contacting the National Park Service law enforcement officer.

5. <u>Expert Witnesses and Law Enforcement Testimony</u>

The government will comply with the notice requirements of Rule 16 regarding any expert witnesses it intends to call at trial. Those experts, if any, have not yet been identified. The government will provide the qualifications and reports of any experts it intends to call at trial, as soon as those witnesses are identified.

a. Should the government anticipate using any law enforcement opinion testimony based on the perceptions, education, training, and experience of the witness that would fall within the parameters of Fed.R.Evid. 702 et. seq. the government will produce discovery as required. <u>United States v. Figueroa-Lopez</u>, 125 F.3d 1241 (9th Cir. 1977).

6. <u>404(b) Evidence</u>

The government is aware of the requirements set forth under Rule 404(b). Should the government anticipate introducing any prior similar or bad acts at trial the government will provide discovery as required by Rule 404(b).

7. <u>Brady Discovery</u>

The government is mindful of its obligation under <u>Brady</u> and

7

will provide such information as it comes to their attention. The government does object to the defendant's request to have all of its discovery and documents associated with the case reviewed <u>in camera</u> by the court because of the concept that the parties may differ about what is <u>Brady</u>.

8. <u>Henthorn Discovery</u>

The government is mindful of its obligation under <u>Henthorn</u> and will undertake such a review of federal law enforcement personnel. Following review, the government will provide the information that is or may be material to the defendant's case.

II.

<u>GOVERNMENT'S REQUEST FOR RECIPROCAL DISCOVERY</u>

Pursuant to Fed.R.Crim.P. 16(b)(1), the United States of America, through the undersigned counsel, respectfully moves this Court for an order directing the defendant to produce, and to permit the government, through its attorneys and agents, to inspect and copy:

**1.   Request Number 1:**

The government request that the defendant make available for inspection and review or produce all books, papers, documents, photographs and tangible objects (including but not limited to, recordings, charts, maps, diagrams, voice prints, fingerprints, palm prints and handwriting specimens) or copies or portions thereof, which are within the possession, custody or control of the defendant's and which the defendant intends to introduce as evidence in chief at the trial herein (Rule 16(b)(1)(A));

**2.   Request Number 2:**

The government request that the defendant make available for

inspection and review or produce any results or reports of physical or mental examinations and of scientific tests or experiments (including, but not limited to, fingerprint comparisons, handwriting analyses, and voiceprint analyses) made in connection with this case, or copies thereof, within the possession or control of the defendant which the defendant's intends to introduce as evidence in chief at the trial herein which were prepared by a witness whom the defendant's intends to call at said trial and which relate to said witness's testimony (Rule 16(b)(1)(B)).

3. **Request Number 3:**

The government request that the defendant produce any written summaries of testimony the defendant intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial. The summary must describe the opinions of the witness, the bases and reasons therefor, and the witnesses qualifications (Rule 16(b)(1)(C)).

Additionally, the United States moves the Court to direct that, if prior to or during trial, the defendant discovers additional evidence or material of the kind set forth above and ordered to be produced, defendant is to promptly notify the attorney for the government or the Court of the existence of such additional evidence or material. Fed.R.Crim.P. 16(c).

Fed.R.Crim.P. 16(b)(1)(A), (B) and (C) sets forth the kinds of materials and information discoverable by the government. The defendant in the instant case has requested and has obtained discovery from the government of materials described in Rule 16(a)(1)(A)-(G). This is sufficient to trigger the government's reciprocal right of discovery. United States v. Abrams, 539 F.Supp.

378, 391 (S.D.N.Y. 1982); <u>United States v. Countryside Farms, Inc.</u>, 428 F.Supp. 1150, 1156 (D. Utah 1977).

**4.   REQUEST FOR NOTICES OF DEFENSES:**

**Rule 12.1**

The United States moves the Court, pursuant to Federal Rules of Criminal Procedure 12.1, to direct that the defendant either (1) advise the government as to whether he or she intends to interpose an alibi defense as to the dates of any of the charges in the indictment, as well as the names and addresses of witnesses upon whom defendant will rely for this defense, or (2) in the alternative, be precluded from raising such a defense at trial. The government specifically requests that the defendant notify an attorney for the government of any intended alibi defense at the the time, date, and place of the alleged offense. Further, the United States moves the Court to direct that, if prior to or during the trial the defendant discovers any additional alibi witnesses, defendant is to promptly notify the attorney for the government or the Court of the existence of such additional witnesses.

Fed.R.Crim.P. 12.1 explicitly requires a defendant, on demand of the government, to provide written notice to the government of his intent to interpose a defense of alibi, and in such notice, to identify the names and addresses of any alibi witnesses. Failure to provide such notice may lead the court, in its discretion, to exclude such evidence, with the exception of the testimony of the defendant himself. The rule establishes that the defendant shall respond within ten days of written demand by the government, or at such time as the court may direct. The rule further establishes a continuing duty to disclose the identity of any other discovered

alibi witnesses.  The government request that the Court order defendant to provide notice within ten days after the hearing on this motion.

## CONCLUSION

The United States respectfully requests that the Court grant the United States' Motion for Reciprocal Discovery and Notice of Alibi and Insanity Defenses, and order the defendant to provide reciprocal discovery and the requested notices by the dates requested or as determined by the Court, and to promptly disclose any additional discoverable material and witnesses within the scope of this motion.

Respectfully submitted,

Dated: 10/31/06          By   /s/ Elizabeth E. Waldow
                              ELIZABETH E. WALDOW
                              Legal Officer